# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT P. GARVER, )
)
        Plaintiff, )
)
v. )
) Case No. 19-02354-CM-KGG
PRINCIPAL LIFE INSURANCE CO., )
THE ROTH COMPANIES, INC., )
And DUANE ROTH )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

This case arises out of plaintiff Garver's purchase of and attempted claim on a disability insurance policy. Defendant Duane Roth, President of defendant The Roth Companies (collectively, "Roth") sold plaintiff this policy. Defendant Principal Life Insurance Company ("Principal") was the carrier of plaintiff's policy. After a work-related injury, plaintiff made a claim under the policy which was ultimately denied by defendant Principal. In the instant action, plaintiff brings three claims against defendants Roth based on their representations about policy coverage and their conduct in acquiring the appropriate policy. Defendants Roth move to dismiss plaintiff's claims as either precluded or inadequately pleaded under Kansas law. (Doc. 18.) Although the court is persuaded that plaintiff's claim for intentional infliction of emotional distress is inadequate under Kansas law, the court is not persuaded that plaintiff's other tort claims are precluded. Accordingly, Roth defendants' motion to dismiss is granted in part and denied in part.

**I.    Factual Background**

On or about July 12, 2017, sometime after plaintiff purchased the policy from defendant Roth, he was injured when he fell off the roof of a home he was building. (Doc. 1-1, at 2.) This injury left

-1-

him with severe disabilities which plaintiff alleges leave him permanently unable to perform any construction work. (*Id.*) In July 2017, plaintiff filed a claim with Principal for total disability insurance benefits under his policy.

In March 2018, amid Principal's investigation into plaintiff' claim, plaintiff alleges that defendant Roth made several pertinent representations to him. First, plaintiff alleges Roth told him that because the disability policy provided coverage for his "own occupation," he would still receive total disability benefits without reduction even if he worked in another occupation. (*Id.* at 7.) Second, plaintiff alleges Roth represented that they had received this information from Principal. (*Id.*) In reliance on these representations, plaintiff began working at Welborn Sales. (*Id.*) This was not his previous occupation, but rather a "new job in sales and office work." (*Id.* at 10.)

On September 28, 2018, Principal denied plaintiff's claim for total disability benefits after more than a year of investigation and processing. (*Id.* at 12.) Plaintiff alleges that Principal based this decision on several grounds, two of which are relevant for this motion. First, Principal noted that because plaintiff was working, he no longer met the definition of total disability under the policy. (*Id.* at 13.) Second, plaintiff's proven capability of working in another occupation also supported claim denial. (*Id.*)

In response to this denial, plaintiff filed a complaint against Principal and Roth alleging four separate causes of action: (1) breach of contract by Principal, (2) misrepresentation by Principal and Roth, (3) intentional infliction of emotional distress by Principal and Roth, and (4) negligence by Principal and Roth. Plaintiff's first two claims against Roth (Counts II-III) arise out of Roth's alleged representations about the policy coverage in the event that plaintiff began working in a different occupation. Plaintiff's negligence claim against Roth (Count IV) arises out of Roth's alleged duty in

procuring an appropriate policy for plaintiff. Roth now moves to dismiss Counts II-IV under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.     Legal Standard

On a motion to dismiss under Rule 12(b)(6), the court assumes true all well-pleaded facts in the complaint, disregards all legal conclusions worded as factual allegations, and grants the plaintiff all reasonable inferences from the pleadings. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [the] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

A party claiming fraud or mistake is subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b). Under Rule 9(b), the party "must state with particularity the circumstances constituting fraud or mistake," with the exception that "[m]alice, intent, knowledge, and other conditions of a person's mind" may be alleged generally. *Id.* This heightened pleading standard serves to protect the defending party from "unfounded charges of wrongdoing which might injure its reputation or goodwill." *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1045 (D. Kan. 2018). Rule 9(b) supplements the requirements of Rule 8(a), rather than replacing them. *Id.* To meet the requirements of Rule 9(b), a complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202,

1236 (10th Cir. 2000)). In other words, the complaint must state the "who, what, where, and when of the alleged fraud." *Swimwear Sol.*, 309 F. Supp. at 1045.

### III. Discussion

Roth's main argument in its motion to dismiss is that plaintiff's claims are precluded as arising out of the same subject matter of the contact between plaintiff and Roth. Plaintiff argues that Kansas law recognizes separate tort actions in negligence against insurance brokers or agents, and that plaintiff's claim for misrepresentation arises out of an independent duty. The court will address plaintiff's claims for misrepresentation and negligence before turning to his claim for intentional infliction of emotional distress.

A party's tort claim is precluded if it is based on the same facts alleged in its contract claim and the contract specifically defines the duties of the parties. *Ford Motor Credit Co. v. Suburban Ford*, 699 P.2d 992, 999 (Kan. 1985) (citing *Isler v. Tex. Oil & Gas Corp.*, 749 F.2d 22 (10th Cir. 1984)). The *Isler* court noted several "historic and well-defined" exceptions to this general rule, such as fraud and unconscionability. *Isler*, 749 F.2d at 23; *see also Klein v. Grynberg*, 44 F.3d 1497, 1503 n.3 (10th Cir. 1995). These exceptions are simply illustrations of the rule that tort claims are not precluded if they are based on a duty that is *independent* of any contractually defined duties between the parties. *See Isler*, 749 F.2d at 24; *Graphic Techs., Inc. v. Pitney Bowes Inc.*, 998 F. Supp. 1174, 1179 (D. Kan. 1998). Accordingly, the relevant inquiry is whether plaintiff's tort causes of action are based on duties independent of any contractually defined duties defendant Roth may have had.

#### a. Count II – Misrepresentation

Plaintiff's misrepresentation claim against Roth is based on an independent tort duty. Consistent with the elements of fraudulent misrepresentation in Kansas, plaintiff alleges "an untrue statement of fact, known to be untrue by the party making it, which is made with the intent to deceive

or recklessly made with disregard for the truth, where another party justifiably relies on the statement and acts to his or her injury and damage." *Gerhardt v. Harris*, 934 P.2d 976 (Kan. 1997). This claim falls within the fraud exception recognized by the *Isler* court.

However, the language in the complaint related to plaintiff's misrepresentation claim does not comply with the heightened pleading standard of Rule 9(b). As noted above, Rule 9(b) requires plaintiff to set forth the "who, what, where, and when" of the alleged fraud. *Swimwear Sol*, 309 F. Supp. at 1045. The complaint satisfies most of these requirements but fails to note *where* the alleged fraud took place. This deficiency with respect to the Roth defendants stands in contrast to the fact that plaintiff, in his allegations against defendant Principal, notes that the alleged misrepresentation took place over the phone. However, plaintiff completely omits any information about where the misrepresentation by the Roth defendants took place. This omission causes plaintiff's claim against the Roth defendants to fail to meet heightened pleading standards under Rule 9(b). However, because this defect is easily curable by amendment, the court will grant plaintiff leave to amend his misrepresentation claim instead of dismissing the claim as insufficient. *See RMD, LLC v. Nitto Ams., Inc.*, No. CV 09-2056-JAR-DJW, 2009 WL 10689046, at *5 (D. Kan. Nov. 17, 2009) (allowing plaintiff to amend his complaint to address an "easily curable" deficiency under Rule 9(b)).

### b. Count IV – Negligence

Plaintiff's negligence claim against Roth is similarly not precluded. Kansas law recognizes a cause of action against an insurance agent or broker. Specifically, "an insurance agent or broker who undertakes to procure insurance for another owes to the client the duty to exercise the skill, care and diligence that would be exercised by a reasonably prudent and competent insurance agent or broker acting under the same circumstances." *Marshel Invs., Inc. v. Cohen*, 634 P.2d 133, 141 (Kan. Ct. App. 1981). This cause of action can sound in either contract, as an implied contractual term, or in tort, as

part of the fiduciary the agent or broker owes to the client. *Id.* at 141–42. Plaintiff alleges that defendant Roth was acting as his insurance agent or broker in procuring the disability insurance policy, thus giving rise to a claim under Kansas law that may be brought in either contract or tort. Accordingly, plaintiff's negligence claim against Roth is based on an independent tort duty and is not precluded.

### c. Count III – Intentional Infliction of Emotional Distress (IIED)

To state a claim for IIED, a plaintiff must allege: "(1) [t]he conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe." *Valadez v. Emmis Commc'ns*, 229 P.3d 389, 394 (Kan. 2010).

In practice, making out a claim for IIED requires plaintiff to clear a high bar, and allegations of "extreme and outrageous" conduct require conduct "go[] beyond the bounds of decency and [be] utterly intolerable in a civilized society." *Id.* at 395 (rejecting IIED claims as based on insufficient outrage and distress where news identified innocent plaintiff by name as likely BTK serial killer) (citation omitted). This intolerability requires more than conclusory allegations that a defendant's conduct satisfied the elements of an IIED claim. *See, e.g., Fusaro v. First Family Mortg. Corp.*, 897 P.2d 123, 131–32 (Kan. 1995).

Plaintiff makes several conclusory allegations as to the intentional, outrageous, and emotionally damaging conduct of the Roth defendants (Doc. 1-1, at 21–22.) However, apart from plaintiff's general allegations of misrepresentation and negligence—already brought above—he makes no clear allegation of objectively outrageous conduct by the Roth defendants. Accordingly, the court dismisses plaintiff's claim for IIED against the Roth defendants.

**IT IS THEREFORE ORDERED** that the Roth defendants' motion to dismiss (Doc. 18) is granted in part and denied in part. The court dismisses plaintiff's claim for IIED (Count III).

**IT IS FURTHER ORDERED** that plaintiff is granted leave to amend his complaint to allege the location of the Roth defendants' alleged misrepresentation (Count II) to comply with the heightened pleading requirements of Rule 9. Plaintiff shall file his amended complaint on or by Friday, November 1, 2019.

Dated this 18th day of October, 2019, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**