UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**ROBERT P. GARVER,**

      **Plaintiff,**

vs.                                                                                       Case No. 2:19-CV-02354

**PRINCIPAL LIFE INSURANCE CO.,
THE ROTH COMPANIES, INC.,
and DUANE ROTH,**

      **Defendants.**

## PLAINTIFF'S SUPPLEMENTAL RULE 26(A)(1) DISCLOSURES

    **COMES NOW** Plaintiff Robert P. Garver, by and through his undersigned counsel, Matthew Bourhis and Bourhis Law Group and Brette S. Hart of Harris and Hart LLC, and hereby submits the following supplemental disclosures in accordance with the Court's Scheduling Order and Federal Rule of Civil Procedure 26(A)(1):

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

    1.    **Robert P. Garver**: Mr. Garver can be contacted through his counsel, Matthew Bourhis, Larry Mann and Brette S. Hart. Mr. Garver is the Plaintiff in this action and has knowledge of the accident which led to his injuries and damages, as well as the insurance policy which is the subject of this action.

    2.    **Duane Roth / The Roth Companies, Inc.**: Mr. Roth / The Roth Companies can be contacted through their counsel, Perry Brandt. Mr. Roth / The Roth Companies are Defendants in this action and acted as the insurance broker which sold the insurance policy which is the subject of this action to Plaintiff.



3.      **Principal Life Insurance Company**: Principal Life Insurance Company ("Principal Life") can be contacted through its counsel Edna Kersting.  Principal Life is a Defendant in this action and was the insurance company which insured Plaintiff with respect to the disability policy which is the subject of this action, and therefore has knowledge of the events described more fully in Plaintiff's Petition.

4.      **Plaintiff's Medical Treatment Providers** to be identified during the course of discovery, including, but not limited to:

- **Dr. Leslie M. Landau, Trauma Surgeon:** 12931 West 151th St, Olathe, KS 66062. (913) 777-9630.

- **Steven Sjogren, PT:** 523 S. Santa Fe, Salina, KS 67401. (785) 823-2215.

- **Dr. Trevor Gaskill, Orthopedic Surgeon:** 1600 Charles Place, Manhattan, KS 66502. (785) 537-4200.

- **Callie Stephens, PT, DPT, OCS:** 255 N Moonlight Rd., Gardner, KS 66030 – 1928.

- **Dr. Matthew Kneidel, Orthopedic Foot and Ankle Surgery:** Apex Orthopedics & Sports Medicine, 10777 Nall Avenue, Suite 300, Overland Park, KS 66211.

- **Dr. Daniel J. Gurley, Orthopedic Surgery:** College Park Family Care Center, 10600 Mastin Entrance A, Overland Park, KS 66212.

- **Dr. Daniel J. Harding, Spring Hill Chiropractic and Acupuncture:** 22450 S Harrison Street, #101, Spring Hill, KS 66083.

5.      **Stephanie Garcia, Principal Life:**  Address unknown.  Ms. Garcia was the disability insurance claim analyst assigned to Plaintiff's disability claim under the Principal Life

policy, and therefore has knowledge of Plaintiff's disability claim and the events described more fully in Plaintiff's Petition.

  6. **Scott Bryant, Covent Bridge Group:** Address unknown. Mr. Bryant was a field representative with Covent Bridge Group and conducted an in-person interview with Plaintiff and created a report relating to same.

  7. **Steve Welborn**: Mr. Welborn can be contacted through Plaintiff's counsel. He is Plaintiff's stepfather and has knowledge about Plaintiff's work with Welborn Sales.

  8. **Molly Garver:** Mrs. Garver can be contacted through Plaintiff's counsel. She is Plaintiff's spouse and has knowledge about Plaintiff's disability, medical conditions, activities of daily living, emotional distress, financial distress, employment and damages.

  9. **Jabir Hazziez Jr.:** 4741 Central Street, #347, Kansas City, Missouri 64112. He is private investigator with knowledge about Roth's residency.

  10. **Kola Bonner**: (913) 214-6269. She is Plaintiff's accountant and has knowledge about Plaintiff's finances, family trust and business ownership.

  11. All witnesses listed by Defendants in their Fed. R. Civ. P. 26(a)(1), (e) disclosures.

  12. All witnesses whose name appears on documents produced by the parties in this matter.

  13. Records custodian(s) for all documents.

**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

  1. Claim File marked in this action as RPG000100.

  2. Policy marked in this action as RPG000001LTD.

  3. Medical Records marked in this action as RPG00200MR.

4. Email correspondence between Mr. Garver and Principal marked in this action as RPG000400C.

5. Letter to Principal dated November 5, 2018 marked in this action as RPG000472C.

6. Letter to Principal dated June 21, 2019 marked in this action as RPG000476C.

7. Letter to Principal dated June 24, 2019 marked in this action as RPG000553C.

8. 2015 Amended Federal Tax Return marked in this action as RPG000700.

9. 2015 Amended Kansas Tax Return marked in this action as RPG000715.

10. 2016 Tax Return marked in this action as RPG000743.

11. 2017 Tax Return marked in this action as RPG00808.

12. 2018 191st Street Investors Schedule K-1 marked in this action as RPG000881.

13. Investigate Reports from Jabir Hazziez Jr.

14. Declaration from Dr. Les Landau (July 21, 2020).

15. Declaration from Steven Sjogren (July 27, 2020).

16. Dr. Gaskill Medical Records.

17. Claim evaluation continues, thus Plaintiff expressly reserves the right to supplement its initial disclosures and to designate additional documents in light of discovery or as rebuttal exhibits to claims or defenses asserted by Defendants.

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

The total present value of Garver's disability claim with Principal is $3,818,072. Plaintiff has suffered catastrophic injuries interfering with his ability to perform at least two of his activities of daily living, he is entitled to a disability insurance benefit of $8,000 per month

starting 90 days after his date of disability, through the end date of benefits under his policy, including a COLA. Plaintiff recently has provided Defense Counsel with an updated present value report from Susan Thompson with calculations of Garver's catastrophic disability benefits. The present value of Plaintiff's catastrophic disability claim is $2,469,123.

The present value of Plaintiff's Residual Disability claim is $1,348,949, which has been updated in light of the fact that Defendant Principal has paid Plaintiff the previously unpaid amount of his 2018 disability benefits.

Roth breached his duty to provide Plaintiff a disability insurance policy with $7,000 per month in Total Disability benefits. Due to Roth's negligence, Plaintiff was delivered a policy with $4,680 per month in Total Disability benefits. Plaintiff seeks damages from Roth in the amount of the difference between such benefit amounts in a sum according to proof at trial.

Plaintiff alleges pain, suffering, mental anguish, further non-economic loss, unknown at this time, but will be established according to proof at trial.

Plaintiff's attorney fee is 40% of the total recovery.

Punitive damages are assessed with a multiplier, up to nine times all other damages. The exact amount of punitive damages is unknown at this time, but will be established according to proof at trial and are worth up to approximately $40,000,000.

Costs to date: this amount is increasing due to the cost of depositions, record retrieval and expert witness fees. The exact amount is currently unknown but will be established according to proof at trial.

Plaintiff reserves the right to pursue additional damages in amounts that are not known at this time and will supplement this disclosure accordingly.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

1. Principal Life Insurance Company
   Policy No.: 7881467

2.      Roth has testified that he has several insurance policies, such as errors and omissions coverage, umbrella coverage and other coverages that are unknown to Plaintiff at this time, which may be used to satisfy part of a possible judgment in this action or to indemnify or reimburse Roth for payments made to satisfy the judgment.

Dated: July 31, 2020                                      Respectfully submitted,

*[signature: Matthew Bourhis]*
_____

**Bourhis Law Group**
Matthew Bourhis
1808 Wedemeyer Street, Suite 214
San Francisco, CA 94129
Telephone:     415-392-4660
Facsimile:      415-421-0259
matthew.bourhis@bourhislaw.com
  ATTORNEY FOR PLAINTIFF

# PROOF OF SERVICE
*Robert P. Garver v. The Principal Life Insurance Company, et al.*
*United District Court*
*District of Kansas*
*Case No.: 2:19-cv-02354*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1808 Wedemeyer St., Suite 214, San Francisco, California 94129. On the date executed below, I will serve the following document(s):

**PLAINTIFF'S SUPPLEMENTAL RULE 26(A)(1) DISCLOSURES**

**( ) BY PERSONAL SERVICE**: I caused such envelope to be delivered to a commercial messenger service with instructions to hand deliver same to the offices of the addressee(s) below on this date.

**( ) BY U.S. POSTAL DELIVERY:** I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**( ) BY FAX & U.S. POST:** I caused the document(s) listed above to be served by faxing said document(s) from the fax machine located at 1808 Wedemeyer St, San Francisco, California, (415) 421-0259 to the fax number(s) listed at the location(s) below. I also placed the document(s) in a sealed envelope(s) with postage thereon fully prepaid and deposited the envelope(s) with the United States Postal Service, as described in service "By U.S. Postal Delivery" above.

**( X ) BY ELECTRONIC SERVICE:** I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Service List: PLAINTIFF'S SUPPLEMENTAL RULE 26(A)(1) DISCLOSURES

**FOR DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY**

Edna S. Kersting
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603-5001
edna.kersting@wilsonelser.com

**FOR DEFENDANTS THE ROTH COMPANIES, INC., and DUANE ROTH**

W. Perry Brandt
Bryan Cave Leighton Paisner
Perry.Brandt@Bclplaw.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 31, 2020, in San Francisco, California.

*Annie Pearson*
_____
nnie Pearson

1
Case No.: 2:19-cv-02354