## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT P. GARVER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 2:19-CV-02354 |
| | ) |
| **PRINCIPAL LIFE INSURANCE CO.,** | ) |
| **THE ROTH COMPANIES, INC.,** | ) |
| **And DUANE ROTH,** | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFF'S SUPPLEMENTAL EXPERT WITNESSES DESIGNATION

COMES NOW Plaintiff Robert P. Garver, by and through his undersigned attorneys of record, and hereby submits his Supplemental Designation of Expert Witnesses, pursuant to Federal Rule of Civil Procedure 26(a)(2):

### Retained Expert Witness

The following individuals are retained experts that may be called to provide expert testimony by deposition and / or by live testimony at the time of hearing or trial of this cause.

**Susan Thompson, CPA / CFF**
**Hemming Morse, LLP**
**7541 N. Remington Ave., Ste. 103**
**Fresno, CA 93711**
**Tel: 559-440-0575**

Susan Thompson is a forensic accountant who is expected to testify in accordance with her report(s) regarding total disability and residual disability benefits pursuant to the insurance policy with Principal Life which will detail the opinions which she will render in this matter regarding the present value of the Plaintiff's claim for benefits in this action and all facts / data reasonably relied upon in forming those opinions; and regarding catastrophic disability benefits pursuant to the insurance policy with Principal Life which will detail the opinions which she will render in this matter regarding the present value of Plaintiff's claim for benefits in this action and all facts / data reasonably relied upon in forming those opinions.  Susan Thompson's original report has been provided to defense counsel. It has since been amended, to reflect the proper amount due based on Principal's payment of 2018 Residual benefits; and supplemented to include the present value of



Catastrophic Disability benefits owed. The addendum and supplement have been provided to defense counsel.

Susan Thompson's qualifications to give her opinions are outlined pursuant to her CV, which has been provided, and which details any and all publications and cases which she has testified as an expert. Susan Thompson charges $400 per hour for deposition / trial testimony. Plaintiff reserves the right to amend, supplement, correct or modify Susan Thompson's report in the future, to accurately reflect updated payments to Plaintiff's ongoing claim, changing interest rates and other similar factors that may influence the testimony she will provide at trial.

**Robert Anderson**
**The Anderson Edge**
**1901 Windward Lane**
**Newport Beach, California 92660**
**Tel: 949-645-6842**

Robert Anderson is an insurance executive specializing in insurance consulting. Robert Anderson's qualifications to give his opinions are outlined pursuant to his CV, which has been provided to defense counsel. Robert Anderson charges $530 per hour for deposition / trial testimony, $2,120 for a half-day of testimony, and $4,240 for a full day of testimony. Robert Anderson's report which details the opinions which he will render in this case with respect to the broker standard of care and all facts reasonably relied upon with respect to his opinions has been provided to defense counsel. This report renders opinions as to Duane Roth / The Roth Companies, Inc.'s breach of the insurance broker standard of care and that it was below the standard of care for a broker to represent to the insured to return to work in another occupation and that same would not jeopardize his future benefits pursuant to the Principal Life insurance policy applicable in this action, and that it was otherwise below such standard of care to sell to the Plaintiff an insurance policy which did not provide for such benefits when he was unable to return to work in his original occupation. Mr. Anderson may be called to provide testimony on Principal's standard of care, claim evaluation, reasonableness, fairness and other aspects of carrier liability in this action.

## Non-Retained Expert Witnesses

The following individuals are non-retained expert medical providers who provided medical care and treatment for Plaintiff. Each is expected to offer opinions consistent to his or her medical records and related reports regarding his or her treatment of Plaintiff, as well as offer opinions that they formed incidental to the treatment of the Plaintiff:

**Leslie M. Landau, DO**
**Surgery - Trauma**
**Overland Park Regional Medical Center**
**10600 Mastin St., Overland Park, KS 66212**

**Tel: 913-469-6447**

Dr. Leslie M. Landau, DO is a doctor of osteopathic medicine and treating provider of the Plaintiff. Dr. Landau is expected to testify in accordance with the medical records that have been provided to defense counsel concerning the Plaintiff's injuries, past treatment, need for future treatment, causation and prognosis. Dr. Landau may have additional opinions regarding the opinions of other non-retained expert witnesses that may be called on behalf of the Plaintiff. The grounds for Dr. Landau's opinions are based upon his knowledge, education, training, experience and treatment of the Plaintiff. Dr. Landau will testify in accordance with his declaration of July 21, 2020, which has been provided to defense counsel.

**Steven Sjogren, PT**
**Salina Ortho**
**523 S. Santa Fe, Salina, KS 67401**
**Tel: 785-823-2215; Fax 785-823-7459**

Steven Sjogren, PT is Plaintiff's physical therapist. Mr. Sjogren is expected to testify that he has treated Plaintiff for a rotator cuff tear that never healed from his accident and required subsequent surgery. Mr. Sjogren is expected to testify that Plaintiff is unable to perform activities of daily living, such as bathing and dressing and is expected to testify in accordance with his declaration of July 27, 2020.

**Callie Stephens, PT, DPT, OCS**
**255 N Moonlight Rd., Gardner, KS 66030 – 1928**
**Tel: 913-856-7927**

Callie Stephens, PT, DPT, OCS was Plaintiff's physical therapist. She is expected to testify in accordance with the fact that throughout the course of her treatment, Plaintiff has been unable to perform at least two activities of daily living without assistance. In addition, she may testify on Bob Garver's medical condition, restrictions and limitations, treatment and treatment plans.

**Nicole Walton, APRN**
**Lenexa Pain Management Center**
**8550 Marshall Street, 150, Lenexa KS 66214-0000**
**Tel: 913-339-9437; Fax: 913-339-9538**

Nicole Walton, APRN is a registered APRN and treating provider of the Plaintiff. She is expected to testify in accordance with the medical records that have been previously provided to defense counsel concerning the Plaintiff's injuries, past treatment, need for future treatment, causation and prognosis. Nicole Walton may have additional opinions regarding the opinions of other non-retained expert witnesses that may be called on behalf of the Plaintiff. The grounds for Walton's opinions are based upon her knowledge, education, training, experience and treatment of the Plaintiff.

**Christopher G. Ralph, MD**
**Overland Park Regional Medical Center**

**Emergency Room**
**10500 Quivira Rd, Overland Park, KS 66215**
**Tel: (913) 541-5000**

Dr. Christopher G. Ralph, MD is a doctor of medicine and treating provider of the Plaintiff. Dr. Ralph is expected to testify in accordance with the medical records that have been previously provided to defense counsel concerning the Plaintiff's injuries, past treatment, need for future treatment, causation and prognosis. Dr. Ralph may have additional opinions regarding the opinions of other non-retained expert witnesses that may be called on behalf of the Plaintiff. The grounds for Dr. Ralph's opinions are based upon his knowledge, education, training, experience and treatment of the Plaintiff.

**Matthew T. Kneidel, MD**
**Orthopedic Surgeon**
**Apex Orthopedics & Sports Medicine**
**10777 Nall Avenue, Ste 300**
**Overland Park, KS 66211**
**Tel: (913) 642-0200**
**Fax: (913) 563-6699**

Dr. Matthew T. Kneidel, MD is a doctor of medicine and treating provider of the Plaintiff. Dr. Kneidel is expected to testify in accordance with the medical records that have been previously provided to defense counsel concerning the Plaintiff's injuries, past treatment, need for future treatment, causation and prognosis. Dr. Kneidel may have additional opinions regarding the opinions of other non-retained expert witnesses that may be called on behalf of the Plaintiff. The grounds for Dr. Kneidel's opinions are based upon his knowledge, education, training, experience and treatment of the Plaintiff.

**Daniel J. Gurley, MD**
**Orthopedic Surgeon**
**College Park Family Care Center – Specialty Office**
**10600 Mastin St. Entrance A**
**Overland Park, KS 66212**
**Tel: (913) 469-6447**

Dr. Daniel J. Gurley, MD is a doctor of medicine and treating provider of the Plaintiff. Dr. Gurley is expected to testify in accordance with the medical records that have been previously provided to defense counsel concerning the Plaintiff's injuries, past treatment, need for future treatment, causation and prognosis. Dr. Gurley may have additional opinions regarding the opinions of other non-retained expert witnesses that may be called on behalf of the Plaintiff. The grounds for Dr. Gurley's opinions are based upon his knowledge, education, training, experience and treatment of the Plaintiff.

**Daniel J. Harding, D.C**

**Chiropractor**
**Spring Hill Chiropractic and Acupuncture**
**22450 S Harrison St. #101**
**Spring Hill, KS 66083**
**Tel: (913) 592-3541**

Dr. Daniel J. Harding, DC is a doctor of chiropractic medicine and treating provider of the Plaintiff. Dr. Harding is expected to testify in accordance with the medical records that have been previously provided to defense counsel concerning the Plaintiff's injuries, past treatment, need for future treatment, causation and prognosis. Dr. Harding may have additional opinions regarding the opinions of other non-retained expert witnesses that may be called on behalf of the Plaintiff. The grounds for Dr. Harding's opinions are based upon his knowledge, education, training, experience and treatment of the Plaintiff.

**Kola Bonner**
**Black Hound Solutions**
**Tel: 913-214-6269**

Kola Bonner is Plaintiff's accountant. She is expected to testify that Plaintiff and his wife own a family trust 50-50 and that they have always co-owned their businesses.

Plaintiff may also call other non-retained treating physicians and elicit their opinions incidental to the care and treatment they provided. Plaintiff would anticipate they testify in accordance with their medical records, and their testimony may impact the issues of standard of care and causation.

Because discovery is ongoing, Plaintiff reserves the right to supplement / amend his designation of experts as discovery continues, and specifically reserves the right to designate any rebuttal experts, if applicable.

5

Dated:  July 31, 2020                                          Respectfully submitted,

_____

**Bourhis Law Group**
Matthew Bourhis
1808 Wedemeyer Street, Suite 214
San Francisco, CA 94129
Telephone:   415-392-4660
Facsimile:     415-421-0259
matthew.bourhis@bourhislaw.com
 ATTORNEY FOR PLAINTIFF

# PROOF OF SERVICE
*Robert P. Garver v. The Principal Life Insurance Company, et al.*
*United District Court*
*District of Kansas*
*Case No.: 2:19-cv-02354*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1808 Wedemeyer St., Suite 214, San Francisco, California 94129. On the date executed below, I will serve the following document(s):

### PLAINTIFF'S SUPPLEMENTAL EXPERT WITNESSES DESIGNATION

**( ) BY PERSONAL SERVICE**: I caused such envelope to be delivered to a commercial messenger service with instructions to hand deliver same to the offices of the addressee(s) below on this date.

**( ) BY U.S. POSTAL DELIVERY:** I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**( ) BY FAX & U.S. POST:** I caused the document(s) listed above to be served by faxing said document(s) from the fax machine located at 1808 Wedemeyer St, San Francisco, California, (415) 421-0259 to the fax number(s) listed at the location(s) below. I also placed the document(s) in a sealed envelope(s) with postage thereon fully prepaid and deposited the envelope(s) with the United States Postal Service, as described in service "By U.S. Postal Delivery" above.

**( X ) BY ELECTRONIC SERVICE:** I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Service List: PLAINTIFF'S SUPPLEMENTAL EXPERT WITNESSES DESIGNATION

**FOR DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY**

**Edna S. Kersting**
**Wilson Elser Moskowitz Edelman & Dicker LLP**
**55 West Monroe Street - Suite 3800**
**Chicago, IL 60603-5001**
**edna.kersting@wilsonelser.com**

**FOR DEFENDANTS THE ROTH COMPANIES, INC., and DUANE ROTH**

W. Perry Brandt
Bryan Cave Leighton Paisner
Perry.Brandt@Bclplaw.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 31, 2020, in San Francisco, California.

*Annie Pearson*
_____
Annie Pearson

1
Case No.: 2:19-cv-02354