Robert. P. Garver vs. Principal Life Insurance Co., The Roth Companies, and Duane Roth
Case No. 2:19-CV-02354-JWB-KGG

I, Leslie M. Landau, hereby declare as follows:

1. I am a physician, board-certified osteopathic surgeon and trauma surgeon specialist, duly licensed and practicing medicine in the states of Kansas and Missouri. I obtained a Bachelor of Science degree from University of Kansas in 1978 and a Doctor of Osteopathy from Kansas City University of Medicine and Biosciences in 1984. I began my general surgery residency in 1985 at University of Health Sciences in Kansas City, Missouri and I have been practicing medicine for thirty-five years. I have held positions as the President of the American College of Osteopathic Surgeons and Chair of the Department Surgery at Overland Park Regional Medical Center, among various other positions on medical committees. Before attending medical school, I was a construction worker from 1974-1976. A true and correct copy of my curriculum vitae is attached hereto as Exhibit A.

2. On July 12, 2017, Robert Garver was admitted to the emergency room at Overland Park Regional Medical Center, having sustained numerous, serious injuries from an accident in which he fell from the roof of a home.

3. Mr. Garver's injuries included multiple left rib fractures, a right manubrium fracture, right scaphoid fracture, right scapular fracture, left navicular avulsion fracture, a grade V splenic laceration, and injuries to his left chest wall and upper abdomen. A true and correct copy of the medical record is attached hereto as Exhibit B.

4. Mr. Garver remained in the hospital for eight nights and was discharged on July 20, 2017.

5. I believe it is obvious from my medical records and attending physician statements that Mr. Garver's injuries resulted in significant loss of strength, chronic pain, poor range of motion, imbalance and permanent impairment.

6. I complied with every request made of me by Principal to provide documentation for Mr. Garver's disability insurance claim. I was never contacted by Principal to discuss Garver's ability to perform activities of daily living.

7. If I had been asked about Mr. Garver's activities of daily living, I would have responded that I believe that his condition would make it impossible for him to perform activities such as bathing, dressing, and transferring in and out of bed without assistance.

I declare under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct.

DATED: July 21, 2020         By _____
                                Leslie M. Landau

EXHIBIT G

Robert P. Garver v. Principal Life Insurance Co., The Roth Companies, and Duane Roth
Case No. 2:19-CV-02354-JWB-KGG

I, Steven Sjogren, hereby declare as follows:

1. I am a physical therapist, duly licensed and practicing in the state of Kansas. I have a degree in biology from Bethany College in Lindsborg, Kansas and a Master's in physical therapy from Wichita State University. For over 20 years I have centered my physical therapy practice in the outpatient setting, primarily treating post-operative orthopedic patients.
2. My patient, Robert Garver, sustained numerous injuries from an accident in which he fell from the roof of a home.
3. Among those injuries, Mr. Garver suffered a rotator cuff tear, which has not healed. I perform physical therapy on Mr. Garver for this specific impairment.
4. There are deficits to Mr. Garver's shoulder range of motion and strength. He is not able to perform any functional reaching activities without assistance, including bathing and dressing.
5. I have not been contacted by Principal to discuss Mr. Garver's ability to perform activities of daily living.
6. If Principal had asked me about Mr. Garver's activities of daily living, I would have responded that I believe that his condition makes it impossible for him bathe and dress without assistance.

I declare under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct.

DATED: July 27, 2020

By _____

Steven Sjogren