# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT P. GARVER, | ) |
| Plaintiff, | ) ) ) ) ) Case No. 19-2354-JWB-KGG |
| PRINCIPAL LIFE INSURANCE CO., *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER ON
## PLAINTIFF'S MOTION TO FILE DEPOSITION UNDER SEAL

Now before the Court is Plaintiff's Motion to File Deposition Under Seal. (Doc. 97, sealed.)  For the reasons set forth herein, Plaintiff's motion is **DENIED without prejudice**.

The Court notes that Plaintiff has met the technical requirements of the D. Kan. Rule 5.4.6.  Even so, this is insufficient.

The right of access to judicial records is well-established under common law.  ***Mann v. Boatright***, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted).  The right, however, is not absolute.  Rather, the presumption of access "'can be rebutted if countervailing interests heavily outweigh the public interests in access.'"  ***New Jersey and its Div. of Investment v. Sprint Corp.***, No. 03-2071-JWL, 2010 WL 5416837, at *1 (D. Kan. Dec. 17, 2010) (quoting ***Mann***, 477 F.3d

1

at 1149). A requirement for motion for leave to seal is to "establish that interests which favor non-disclosure outweigh the public interest in access to court documents." *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). For good cause to be established, "a moving party must submit particular and specific facts, and not merely 'stereotyped and conclusory statements.'" *Id.* (citation omitted).

Plaintiff has made no attempt to discuss why interests favoring non-disclosure outweigh the public interest in access to these court exhibits. He has not explained why the deposition transcript should be considered confidential. "Although the exhibits [Plaintiff] seeks leave to file under seal may very well meet these standards, [Plaintiff] must first provide this information." *Rajala v. McGuire Woods, LLP*, No. 08-2638-CM, 2012 WL 12932558, at *1 (D. Kan. Dec. 14, 2012).

As such, Plaintiff's motion (Doc. 97, sealed) is **DENIED without prejudice**. The parties are instructed that any future motions seeking leave to file under seal must meet the requirements discussed herein.

IT IS THEREFORE ORDERED that Plaintiff's Motion to File Deposition Under Seal (Doc. 97, sealed) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2020, at Wichita, Kansas.

                                        S/ KENNETH G. GALE
                                      HON. KENNETH G. GALE
                                      U.S. MAGISTRATE JUDGE