# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT P. GARVER         )
                         )
      Plaintiff,       )
                         )
                         )   Case No. 19-2354-JWB-KGG
                         )
PRINCIPAL LIFE INSURANCE CO., )
*et al.*,                )
                         )
      Defendants.     )
_____)

**MEMORANDUM & ORDER DENYING MOTION TO AMEND,
SUSTAINING IN PART AND OVERRULING IN PART
OBJECTIONS TO THE DRAFT PRETRIAL ORDER,
<u>AND STRIKING LATE DISCLOSURES</u>**

## <u>Background</u>

On August 20, 2020 the Magistrate Judge conducted a Final Pretrial Conference in accordance with Fed.R.Civ.P. 16(e) and District of Kansas Rule 16. (Doc. 89). In accordance with D. Kan. R. 16, the parties submitted a joint proposed Final Pretrial Order which reflected a disagreement concerning the propriety of certain claims made by the Plaintiff which Defendants claim are beyond the scope of the pled claims. (Draft Pretrial Order, attached here as Exbibit 1).

After discussion, the Magistrate Judge ordered the parties to brief Defendants' objections. (Doc. 88). Defendant Principal filed an Objection to Plaintiff's inclusion of the claim (Doc. 90) and Defendant Roth joined (Doc. 91). Plaintiff filed a Motion for Leave to Amend Complaint to add the claim, but also argued that the claim was within the previous pleadings. (Doc. 89.) For the reasons stated below, the Court **SUSTAINS** the Defendants' objections to including claims concerning Catastrophic Disability Benefits in the Final Pretrial Order but **OVERRULES** Defendants' objections to including a claim for punitive damages. The Motion to Amend is **DENIED** as untimely.

## The First Amended Complaint

This is an action under a policy for disability insurance. Plaintiff's claims are enumerated in his First Amended Complaint (Doc. 36), which was filed on October 31, 2019. That pleading alleges that the Plaintiff fell from the roof of a home he was building and suffered serious injuries. He claims that a result of the injuries he is "totally and permanently unable to perform any construction work."

Plaintiff filed a claim with the Defendant for "Total Disability Insurance Benefits." He cooperated with the forms and information required from Defendant and received two months of benefits. He was assured by Defendant that if he was unable to perform his previous occupation he would be entitled to benefits even if he engaged in a new occupation. Plaintiff later returned to full-time employment

in a new occupation. He was informed by Defendant that his benefits would be calculated based on loss of earnings. Defendant denied benefits, claiming that Plaintiff had not provided information necessary to calculate the benefit. Plaintiff was informed that because he was working, he did not meet the requirements for Total Disability under the policy.

Based on these allegations, the First Amended Complaint lists three causes of action. The first is for breach of contract. This allegation claims that Defendant breached the insurance contract by failing to pay benefits. It further alleges that Plaintiff "cannot perform the substantial and material duties of his occupation. He cannot perform any of his job duties in the usual and customary way." (First Amended Complaint, Doc. 36, ¶ 60.) The claim alleges that Defendant failed to pay Plaintiff "total disability benefits."

The second cause of action alleges misrepresentation. It alleges that Defendant represented in the policy and at its inception when issued that it would "pay monies to [the Plaintiff] in the event he became disabled from his own occupation as a home and building contractor." (First Amended Complaint, Doc. 36, ¶¶ 69, 70). That count alleges that these misrepresentations were repeated by agents processing his claim (¶¶ 72, 73) and he relied upon the misrepresentations by working in another occupation. The third cause of action alleges (after incorporating the previous allegations) negligence against Defendants in advising

the Plaintiff about the purchase of, and "advice concerning" the disabilities insurance and claims.

## The Pretrial Order

The policy at issue included coverage for "Total Disability," which is the occupational coverage described in the First Amended Complaint. However, it also included a rider for "Catastrophic Injury." This coverage provides broader coverage for a more profound injury.

A portion of the language proposed by Plaintiff in the draft Pretrial Order states:

> But the most appalling aspect of this case is Garver's discovery that Principal owed him benefits for Catastrophic Disability all along. The Catastrophic Disability claim is distinct from the Total/Residual Disability claim. It involves a different coverage injury and provides $8,000 per month in benefits. This is in addition to any other sums owed under the Policy for Total/Residual Disability.

(Draft Pretrial Order, Exhibit 1, at 14.)

Defendant objects to the inclusion of claims involving the Catastrophic Disability coverage in the Pretrial Order. As ordered by the undersigned Magistrate Judge (Doc. 88), Defendants filed Objections to the inclusion of those claims (Doc. 90, 91). Defendant Principal claims that in previous pleadings Plaintiff did not claim he was "catastrophically disabled and unduly denied catastrophic disability benefits." (Doc. 90 pages 1-2.) Defendant observed that on

February 3, 2020, the due date for Plaintiff's expert, Plaintiff's expert disclosures did not include damages for catastrophic disability. Defendant correctly observes that the Court-set deadline for filing motions to amend the pleadings was November 29, 2019.

On June 19, 2020, Defendants deposed Plaintiff (Doc. 62, 63) and on July 14, 2020, Plaintiff took the deposition of Stephanie Garcia, who handled Plaintiff's claim for disability benefits. During her deposition, Ms. Garcia explained that the catastrophic disability benefit is not subject to a separate claim, but rather another provision of the Policy, which is considered as part of a claim for disability benefits. She further testified that in Plaintiff's case neither the medical evidence nor her discussions with Plaintiff triggered Plaintiff's eligibility for the catastrophic disability benefit.

Discovery ended on August 7, 2020. On July 31, 2020, Plaintiff served supplemental initial disclosures and supplemental expert disclosures (including new experts) addressing claims and damages for catastrophic disability.

Defendant claims that Plaintiff had a copy of the policy, including the catastrophic disability rider, since 2015 and made a claim for that coverage on his claim form in 2017. Plaintiff was specifically informed that Defendant found the coverage inapplicable on November 21, 2017. Plaintiff's counsel received Defendant's claim file in April of 2019, which included the claim form. Another

copy of the claims file, with all riders and the claim form, was provided to Plaintiff's counsel during this litigation. Plaintiff does not dispute these facts.

In its objections (Doc. 90), Defendants also request the Court strike the July 31 supplemental disclosures and new expert disclosures. Defendants observe that the supplemental disclosures were due 40 days before the completion of discovery, and that the expert deadlines had passed.

Plaintiff has responded with a two-prong argument. He first argues that the claims relating to catastrophic injury coverage are within the scope of the First Amended Complaint. Alternatively, Plaintiff has moved for leave to file a Second Amended Complaint to add those claims. Plaintiff has filed a motion to amend (Doc. 89) and a Reply to Defendants' responses to his motion to amend (Doc. 96). The Court interprets these filings as also responding to Defendants' objections (Docs. 90, 91) as well as supporting Plaintiff's Motion to Amend (Doc. 89).

Plaintiff's position revolves around the deposition of Defendant Principal's claims representative on July 14, 2020. Plaintiff claims that he discovered for the first time at this deposition that

> Defendant did not conduct an investigation of Catastrophic Disability, issue Plaintiff an explanation of benefits or coverage for Catastrophic Disability, or provide claim determination, as required by the Policy or Kansas law. Plaintiff was not apprised of his rights to these benefits, nor was he informed that the COLA requires a period increase of such benefits.

(Doc. 89, at 3.)

In his Reply (Doc. 96), Plaintiff states that "Defendant's non-investigation of Catastrophic Disability coverage was not discovered until the Claim Representative's July 14, 2020 deposition, when she admitted no investigation took place, despite it being required." (Doc. 96, at 4.) In the portion of her deposition cited by Plaintiff, the Claim Representative stated that she relied upon the medical documentation to determine that the Plaintiff was not eligible for the Catastrophic Disability benefit. She agreed that Plaintiff filed a claim for those benefits and that an investigation was not performed because the medical documentation did not support the claim. (Doc. 96, at 4, n.4.) It is this allegedly new information which Plaintiff urges as justification for the late attempt to add allegations concerning the Catastrophic Disability claim.

In their response to Plaintiff's motion to amend, Defendants object to a list of items which they claim were not included in the First Amended Complaint but which are present in the proposed Second Amended Complaint in addition to the claims relating to the Catastrophic Disability benefit. (Doc. 93-1.) Those items include a prayer for punitive damages, a cross-allegation concerning the agency relationship of the two Defendants and some other factual claims.

Regarding the punitive damages claim, Defendants state that "discovery was conducted (and completed) without any suggestion that Mr. Garver was seeking

punitive damages." (Doc. 93 at page 8). This is not entirely true because, although there is no request for punitive damages in the previous complaint, the Plaintiff's Initial Disclosures under Rule 26 did disclose an intent to seek Punitive Damages (Doc. 90-1.) It is also notable that although the Draft Pretrial Order included a request for punitive damages, the Defendants' Objections (Doc. 90, 91) complained only about the claims and evidence relating to Catastrophic Disability benefits.

## Rulings

### 1. The claim for Catastrophic Disability benefits is not fairly within the Second Amended Complaint.

The Court has the authority to conduct a final pretrial conference under Fed.R.Civ.P. 16. The Final Pretrial Order aggregates and finalizes the parties' claims to inform the Court and parties for trial and, in this District, for dispositive motions. The Final Pretrial Order replaces the previous pleadings and becomes the operative description of the parties' claims. The Final Pretrial Conference is conducted at the conclusion of discovery. "[C]laims or defenses not contained in the pleadings should normally not appear for the first time in the pretrial order because 'such a practice deprives one's adversary or fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice.'" ***Shaub v. Newton Wall Company/UCAC***, 153 Fed. Appx. 461, 464-65 (10th Cir. 2005 (citing ***Wilson v.***

*Muchala*, 303 F.3d 1207, 1215-16 (10th Cir. 2002)); *see also* **Continental Coal, Inc. v. Cunningham**, 2008 WL 145209, No. 06-2122-KHV-KGS (D. Kan. Jan. 14, 2008).  It is rarely appropriate for a party to assert a new claim or defense at the time of the Final Pretrial Conference.

Plaintiff's First Amended Complaint clearly does not allege any claim relating to the insurance policy's Catastrophic Disability benefit.  The language of the Complaint repeatedly refers to the Total Disability claim and the standards relating to that claim, which are different from the Catastrophic Disability claim.  In fact, Plaintiff's late disclosure of new damages experts and witnesses relating to that claim after the deadlines for doing so had passed, betrays Plaintiff's realization that the claim had not been made earlier in operative pleadings.

In the absence of a granted motion to amend, these claims cannot be included in the Final Pretrial Order or proceed to the dispositive motions or trial phases of the litigation.  Defendants' objections to including these claims are **sustained**.

### 2. The Motion to Amend to add claims relating to Catastrophic Disability Benefits is denied as untimely.

Plaintiff's Motion to Amend (Doc. 89) requests leave to add claims to all three causes of action relating to the Catastrophic Disability Claims, add a claim for punitive damages, and make other allegations relating to his claims.   The most significant changes are detailed by Defendant Roth in his Response (Doc. 93, at 3).

Federal Rule of Civil Procedure 15(a)(2) allows Plaintiff to amend his pleadings at this stage of the proceedings only with the opposing parties' consent or leave of court. The court should freely give leave "when justice so requires." *Id.* Generally, a plaintiff should be allowed to amend to in the absence of circumstances such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through previous amendments, undue prejudice to the opposing party or futility. **Foman v. Davis**, 371 U.S. 178, 182 (1962). In this instance, the central issues are whether the motion should be denied for undue delay and the related prejudice caused to the Defendants if new claims will require reopening discovery and delay the resolution of the case.

This case was filed on June 28, 2019. The Magistrate Judge held an initial scheduling conference on September 24, 2019. The Scheduling Order, entered on September 25, 2019, set a deadline of November 29, 2019, to file a motion to amend the pleadings. (Doc. 34.) Plaintiff filed his First Amended Complaint on October 31, 2019. (Doc. 36.) The Scheduling Order was revised in April (Doc. 53) and on June 23, 2020 (Doc. 73). The motion to amend deadline was not revised.

Therefore, before the Court can engage in a Rule 15 analysis, it must analyze Plaintiffs' motion under Fed.R.Civ.P. 16 because the deadline to amend pleadings in the original Scheduling Order has passed. The Scheduling Order must therefore

be amended pursuant to Fed.R.Civ.P. 16 before the Court can engage in a Rule 15 analysis.

Pursuant to Fed.R.Civ.P. 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). If the Court determines that good cause has been established, the Court then proceeds to determine if the Rule 15(a) standard has also been met.

> '[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's note to 1983 amendment; *see also* **Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n**, 771 F.3d 1230, 1240 (10th Cir. 2014) ('In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts.' (citation and internal quotation marks omitted)). 'Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.' **Gorsuch**, 771 F.3d at 1240.
>
> The district court exercises its sound discretion when deciding whether to modify a Scheduling Order. **Rimbert v. Eli Lilly & Co.**, 647 F.3d 1247, 1254 (10th Cir. 2011) (reviewing a district court's refusal to enter a new scheduling order for abuse of discretion). Despite this 'broad discretion in managing the pretrial schedule,' the Tenth Circuit has concluded that 'total inflexibility is undesirable.' **Summers v. Mo. Pac. R.R. Sys.**, 132 F.3d 599, 604 (10th Cir. 1997). Also, a scheduling order which produces an exclusion of material evidence is 'a drastic sanction.' *Id.*; *see also* **Deghand v. Wal-Mart Stores, Inc.**, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ('While a scheduling order is not a frivolous piece of

> paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable.' (citations and internal quotation marks omitted)).

*Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 836292, at *2 (D. Kan. Feb. 13, 2018). "[T]he 'good cause' standard of Rule 16(b) 'focuses on the diligence of the party seeking to modify the scheduling order,' not prejudice to the other party." *Viper Nurburgring Record, LLC v. Robbins Motor Co., LLC*, No. 18-4025-HLT-KGG, 2018 WL 6078032, at *2 (D.Kan. Nov. 21, 2018) (quoting *Manuel v. Wichita Hotel Partners*, No. 09-1244-WEB-KGG, 2010 WL 3861278, at *2 (D. Kan. Sept. 20, 2010)).

Certainly, the discovery of a new cause of action during discovery unknown to the Plaintiff before the original amendment deadline constitutes good cause for amending the deadline and allowing the motion out of time. This is not, however, the case before the Court. Plaintiff and his counsel had Defendant Principal's claims file early, probably before the case was filed and certainly early in discovery. Plaintiff knew he had applied for Catastrophic Disability benefits and knew that the adjuster has informed him that medical records did not support that claim. He certainly knew he had not received those benefits.

Plaintiff and his counsel had a copy of the Catastrophic Disability rider which describes the qualifications for that benefit. Certainly on the contract claim

(Count I), Plaintiff and his counsel had enough information to bring a breach of contract claim if they felt he was entitled to but had not received the benefit.

Plaintiff also wishes to add claims regarding this benefit to his negligence and fraud claims. The "newly discovered" evidence which Plaintiff claims justifies his late request for amendment on these claims is deposition testimony from the adjuster obtained on July 14, 2020, that because her review of the medical records caused her to decide the claim was not available, she conducted no further investigation concerning that claim. This fact was apparent from the information already available to Plaintiff based on his communications with the adjuster. This testimony added nothing material to the facts already known to Plaintiff and does not justify amending the Scheduling Order deadline to permit the late-filed Motion to Amend.

Plaintiff's Motion to Amend (Doc. 89) was filed after the scheduled August 20, 2020, Pretrial Conference, and more than seven weeks after the July 14 deposition. Of course, the Court understands that Plaintiff was taking the position that the new claims should be allowed under the First Amended Complaint. The discovery deadline was August 7, 2020. (Doc. 73.) Granting the Motion to Amend would require re-opening discovery and substantially delay the resolution of this case. The Motion to Amend is **DENIED** as out of time.

As part of his pursuit of the new theory, Plaintiff provided additional expert disclosure and witness disclosures within weeks or days of the discovery deadline. Defendants have requested these be stricken. To the extent these relate only to the Catastrophic Disability claim, they are presumably now irrelevant. However, out of an abundance of caution, these disclosures are **stricken as untimely**.

### 3. The request for Punitive Damages is fairly within the pleadings and is allowed.

In their opposition to the Motion to Amend, Defendants noted that the proposed Second Amended Complaint includes a claim for punitive damages. They oppose the motion to amend to include that claim. The original complaint was a Petition filed in state court which was removed to this Court. Under Kansas State Court practice, pleading punitive damages is not permitted without leave of court. K.S.A. § 60-3703. This state procedural provision is inapplicable in Federal Court. ***Vance ex rel. Wood v. Midwest Coast Transport***, 314 F.Supp.2d 1089, 1090 (D. Kan. 2004). Plaintiff could have, and should have, corrected this omission in his First Amended Complaint, but did not. Usually adding such a claim at the time of the Pretrial Conference when it was not previously plead would not be permitted in the absence of the late discovery of dramatic new facts making such a claim suddenly appropriate. That did not occur here.

However, this case has some unusual elements which, taken together, persuade the Court to make an exception. First, the case has always included a

claim for fraud which, by its nature, usually exposes a Defendant to a punitive damages claim. The scienter elements necessary to prove fraud do not mirror but do suggest those required for punitive damages. Second, in his initial disclosures under Rule 26, Plaintiff listed punitive damages as an element of his demand. Finally, the punitive damages claim was itemized in the Draft Pretrial Order presented the Court. Defendants did not object to that element in the objections filed pursuant to the Court's order (Docs. 90, 91) but only in response to the motion to amend. In all, the Court finds this claim fairly within the pleadings and allowable without a motion to amend. The punitive damages claim may be included in the Final Pretrial Order.

The other "changes" which are present in the Second Amended Complaint are fairly within the current pleadings (unless they relate only the Catastrophic Disability claim) and may be also included in the Final Pretrial Order as factual contentions or legal theories.

## Summary

Plaintiff's Motion to Amend is **DENIED** as untimely. Defendants' objections to including allegations concerning the Catastrophic Disability Claim in the Final Pretrial Order are **SUSTAINED**. However, objections to other factual and legal contentions additions in the Pretrial Order not related to the Catastrophic Disability Claim, including the claim for punitive damages, are **OVERRULLED**

and those matters may be included in the Final Pretrial Order.  The late expert and witness disclosures are **STRICKEN**.

Plaintiff need not file another Amended Complaint encompassing these rulings.  The parties are Ordered to jointly draft and submit to the Magistrate Judge a revised Draft Final Pretrial Order in accordance with the rulings herein and D. Kan. Rule 16.2 within 14 days of the date of this Order.  The Final Pretrial Conference is re-set for November 24, 2020 at 2:00 p.m. by telephone.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2020, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE